### BRATTON v. MASSEY.

1. On appeal from a Circuit decree overruling a demurrer, with costs to be paid out of certain proceeds of sale, this decree was reversed and the complaint dismissed. *Held*, that the direction for the payment of costs fell with the decree, although not mentioned in the exceptions nor in the opinion of this court.
2. Costs in equity causes, after the act of February 20th, 1880, (17 *Stat.* 303,) were governed by the former practice under rule 72 of the Circuit Courts, and, therefore, followed the event of the suit, if not otherwise ordered in the judgment.
3. Costs being in the discretion of the Circuit judge, his direction concerning them will not ordinarily be disturbed, and in this case is approved.

Before COTHRAN, J., Chester, April, 1882.

Action by John S. Bratton against B. H. Massey et al., commenced in August, 1879, heard by Kershaw, J., in June, 1880; an appeal from his decree was heard by this court, November term, 1880. See 15 *S. C.* 277. The opinion states the case.

The decree from which this appeal was taken, was as follows:
At common law, costs were not given either to plaintiffs or defendants. But as a matter of statutory regulation (and it is purely such), it is of great antiquity. For a time, beginning with 6 *Edward I.*, costs were allowed only to plaintiffs succeeding, or "demandants," as the parties were styled in the statutes.

Afterwards by the Statute of Marlbridge, in the time of Henry III. they were allowed to the defendant prevailing; and so to this day. When one brings his action and succeeds, it is difficult to perceive upon what grounds of justice or equity the party sued and who is obviously in default, should be relieved from the payment to the prevailing party of the expenses of the suit, by what name soever such expenses should be denominated. Upon the other hand, and upon grounds of equal justice, the defendant (should the plaintiff's action fail) must be entitled to be repaid the expenses he has incurred in defending a wrongful claim. This seems to me to be the bed-rock, the very foundation-stone, of the just and rudimentary principle, that costs should follow the event of the suit.

I am not, however, so blindly devoted to this principle as to hold it to be of universal application. Like all general rules, it is not without exceptions. But in the case presented here, within the exceptions to the rule, it is as certain now as anything can be made, that a false claim was raised against the defendant, Massey (I do not mean this offensively), and that his land, descended from Mrs. Gilmore, was not liable to the debts of W. Taylor Gilmore, excepting that the plaintiff stands acquitted here of all imputations of bad faith. So far as the result is, he might as well have selected any other parcel of land in Chester county for the satisfaction of his debt.

It is contended, however, by the plaintiff's counsel (1) that the Circuit judge ordered the costs to be paid out of the proceeds of the land; (2) that from this portion of the decree there was no appeal; (3) that the Supreme Court left that portion of the Circuit decree untouched, and thereby affirmed so much of it as decreed costs against the defendants. Admitting the facts as stated, is this a legal sequence? I think not. It will be seen, by reference to the brief in the cause, that the defendant "appeals from the decree made," &c. What part of the decree? The answer would naturally be, from the whole decree. Certainly not from any particular part of it.

True, specific grounds of appeal are set out, bringing properly to the attention of the court of review the precise views which the appellant had of his case, and which he sought to impress

upon the minds of the justices, regarding the matter of costs as an incident of the Circuit judge's view of the case, and only as an incident, and as such, in my opinion, it has followed the case through its various stages. Abiding the final determination of the cause, the following authorities were cited by the defendants' counsel, which I think sustain his view of the case. *Woodson* v. *Palmer, Bail. Eq.* 96 ; *Muse* v. *Peay, Dudley Eq.* 236 ; *Cleveland* v. *Cohrs,* 13 *S. C.* 402 ; 3 *Wait's Pr.* 454.

It is necessary, however, in order to complete this decree, to pass upon certain other allowances of costs which appear in the itemized taxation made by the clerk ; that is to say : J. & J. Hemphill, attorneys, $35 ; A. G. Brice, attorney, $30. These attorneys represented others of the defendants than B. H. Massey, and the items above were allowed to them, and charged upon the proceeds of the land, which it will be borne in mind was sold by consent of parties pending the litigation hereinbefore referred to.

Having determined that this fund is not liable for the costs in controversy, how shall they be paid ? The plaintiff's proceeding in this cause was not for the benefit of all who would join him in the suit and contribute to the expenses thereof. The attorneys above named represented creditors of W. Taylor Gilmore, whose claims were assailed by the plaintiff, and his complaint having been dismissed, and the assault rendered thereby futile, I know of no rule, equitable or otherwise, that can relieve him from liability to them for these costs. It is true that the plaintiff brought them into court. He invited them to go upon the voyage, but not for the purpose of sharing with him the pleasure or the profit of the round trip ; for he gave them to understand most distinctly, in paragraph VII. of his complaint, that he would throw them overboard, if he could. The bark which sailed forth under such auspicious circumstances has been wrecked, and, hard as it may be, the inevitable consequence must follow the event of the suit.

Wherefore, it is ordered, adjudged and decreed as follows :

I. That the itemized taxation of costs, as made by the clerk, be and the same is hereby affirmed.

II. That the decision of the clerk, that said costs be paid from the proceeds of the sale of the lands sold in accordance

with the decree of his Honor, J. B. Kershaw, be and the same is hereby reversed.

III. That the defendant B. H. Massey, and the defendants represented by Messrs. J. & J. Hemphill and A. G. Brice, have leave to enter up judgments for the several amounts of costs allowed to them in the clerk's taxation against the plaintiff, John S. Bratton, with leave to issue executions for the same.

IV. That the three last items, to wit: Printing notice of sale of land twice, $17.50; taxes on property sold, $25.00; Clerk Curtis, commissions on sales, $27.30; total, $69.80, and any other expenses incident to the said sales, if there be any, be deducted from the proceeds of the sale, according to the proportionate interest of B. H. Massey and his co-tenant, Mobley, therein.

V. And that the costs of this appeal be taxed by the clerk of the court against the respondent, John S. Bratton, and that the several parties interested herein have leave to issue executions for the same.

*Mr. Giles J. Patterson*, for appellant.

*Messrs. W. B. Wilson, R. E. Allison, J. & J. Hemphill, A. G. Brice*, contra.

February 28th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. The action in this case was brought by the plaintiff, as a creditor of one W. T. Gilmore, against the defendant, Massey, who claimed the land in question under a deed from said Gilmore, the other creditors of Gilmore and his heirs-at-law, for the purpose of subjecting certain real estate to the payment of the debts of Gilmore. The real contest was as to the true construction of the deed under which Massey claimed, and Judge Kershaw, who heard the case on its merits, held that the land was subject to the payment of Gilmore's debts and ordered it sold for that purpose, the costs of the case to be paid out of the proceeds of the sale. From this decree Massey appealed, and the Supreme Court reversed the decree of Judge

Kershaw and dismissed the complaint. *Bratton* v. *Massey*, 15 *S. C.* 277.

Subsequently the costs of the case were taxed by the clerk of the court, who held that they should be paid out of the proceeds of the sale, which had been made by consent, pending the appeal. This decision of the clerk was excepted to by Massey, substantially upon the ground that the clerk erred in deciding that the costs should be paid out of the proceeds of the sale, he contending that the costs should follow the event of the suit in the absence of any special provision to the contrary. Judge Cothran sustained the exceptions to the clerk's decision and adjudged that the defendant Massey, as well as certain of the creditors of Gilmore, whose claims were alleged by plaintiff to have been paid or otherwise discharged, and the defendant Annie McLure, an infant, the only one of the heirs-at-law of Gilmore who answered the complaint, were entitled to tax their costs against the plaintiff; that the costs and other expenses incident to the sale of the land should be paid out of the proceeds of the sale, and that the costs of the appeal from the clerk's decision should be paid by the plaintiff.

From this judgment the plaintiff appeals upon various grounds which may be stated substantially as follows: First. Because the Circuit judge erred in holding that the decree of Judge Kershaw, so far as it related to costs, was reversed. Second. Because of error in holding that, in the absence of any special provision to the contrary, the costs followed the event of the suit. Third. Because costs were adjudged against the plaintiff in favor of some of the defendants who concurred in the prayer of the complaint. Fourth. Because, under all the circumstances of the case, the costs should be paid out of the proceeds of the sale.

It is quite clear that the first ground cannot be sustained. The appeal was not from any particular portion of Judge Kershaw's decree, but the appeal was from the decree—meaning, of course, the whole decree—and the judgment of the Supreme Court was " that the judgment of the Circuit Court be reversed and that the complaint be dismissed." This, of course, operated as a reversal of the whole decree. It is very true that in the former appeal that portion of the Circuit decree relating to costs

was not specially attacked, but the provision as to costs was a mere incident to the judgment on the merits, and when that was ascertained to be erroneous and was reversed, and the complaint was dismissed, the provision as to costs was likewise reversed and fell with the judgment on the merits.

The judgment of the Supreme Court not having made any provision as to costs, they would necessarily be governed by the general rule upon the subject. The inquiry then is, What was the rule upon the subject at the time this case was determined? Prior to the adoption of the code of procedure the well settled rule was, that in cases of the class to which this belongs, in the absence of any special provision in the decree as to costs, they followed the event of the suit. *Woodson* v. *Palmer, Bail. Eq.* *95; *Muse* v. *Peay, Dud. Eq.* 236; *Higginbottom* v. *Peyton,* 4 *Rich. Eq.* 316; *Brown* v. *Wood,* 6 *Id.* 360. It is true that by section 332 of the code of procedure, as originally adopted, other provision was made as to costs, in cases like this, where the relief sought was such as, prior to the code, could only be obtained in a court of equity (*Mars* v. *Conner,* 9 *S. C.* 79), but that section of the code was repealed by the act of February 20th, 1880, (17 *Stat.* 303,) prior to the hearing of this case, and that act contains no provision upon the subject. Hence, at the time judgment was rendered in this case, there was no statute or rule of court prescribing which of the parties should pay costs in a case like this, and hence, under rule 71 (now known as rule 72) of the Circuit Court, " the practice, as it has heretofore existed in the courts of law and equity of this State," must govern. We do not see, therefore, how the second ground of appeal can be sustained.

As to the third ground, which questions the propriety of the decision of the Circuit judge as to the costs of certain of the defendants; and the fourth ground, which claims that, under all the circumstances of this case, the Circuit judge should have directed that the costs should be paid out of the proceeds of the sale of the land, it is sufficient to remark that, under the practice governing at the time this case was heard, costs in an equity case were in the discretion of the Circuit judge, and, therefore, the manner in which that discretion has been exercised is not

·ordinarily a subject-matter of appeal. *Singleton* v. *Allen*, 2 *Strobh. Eq.* 174; *Hext* v. *Walker*, 5 *Rich. Eq.* 7; and we may add that we think, in this case, the Circuit judge has fully vindicated the propriety of his conclusions.

The judgment of this court is that the judgment of the Cir-·cuit Court be affirmed.